**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

UNITED STATES OF AMERICA,

                Plaintiff,

    v.

JOSE SKYWOLF MARTINEZ,

                Defendant.

Case No. 2:25-cr-00141-APG-BNW

**ORDER**

Before this Court is Mr. Rodriguez's motion for a bill of particulars. ECF No. 25. The Government opposed and Mr. Rodriguez replied. ECF Nos. 25 and 26. The parties are familiar with the arguments. As a result, this Court does not repeat them. Instead, this Court will incorporate the arguments as necessary and relevant to this order.

### I.      Legal Standard

Rule 7(f) provides that "[t]he court may direct the government to file a bill of particulars." The decision whether to grant a request for a bill of particulars is within the trial court's discretion. *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir.1983). The Ninth Circuit has explained that the bill of particulars serves three functions: to inform the defendant of the nature of the charges against him with sufficient precision to enable him to prepare for trial; to avoid or minimize the danger of surprise at the time of trial; and to protect against double jeopardy. *United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir.1991).

A bill of particulars should be limited to these purposes: "[a] defendant is not entitled to know all the evidence the government intends to produce but only the theory of the government's case." *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir.1986). Furthermore, the government may add clarity to the allegations via discovery, and "full discovery obviates the need for a bill of particulars." *United States v. Giese*, 597 F.2d 1170, 1180–81 (9th Cir.1979). A motion for a bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense. *Will v. United States*, 389 U.S. 90, 99 (1967).

1    **II.    Analysis**

2        The Indictment charges Mr. Martinez with a violation of 18 U.S.C. §1159. As relevant, it

3    alleges that between December 7, 2023, and December 10, 2024, Mr. Martinez "offered or

4    displayed for sale, goods that the defendant falsely suggested were Indian produced, Indian

5    products, or the product of a particular Indian or Indian tribe…at a total price of $1000 or more."

6    ECF No.1.

7        Mr. Martinez requests a bill of particulars indicating (1) which goods were falsely marketed

8    and (2) whether the goods at issue were "Indian produced, Indian products, or the product of a

9    particular Indian or Indian tribe." The Government's abbreviated argument is that all the

10   information Mr. Rodriguez needs to mount his defense against its theory of prosecution is

11   contained in the footage of the undercover purchases, which was provided in discovery. The

12   footage appears to contain three controlled purchases that took place on two different occasions.

13   Mr. Martinez explains that the footage reveals Mr. Martinez (1) displaying hundreds of goods, (2)

14   discussing his Indian heritage, and (3) discussing the goods being "native made." See ECF Nos.

15   26-2 and 26-3.

16       A bill of particulars is appropriate in this case. Even if the Government were to limit itself to

17   only utilizing the undercover footage to prove its case, which it has not done, that limited

18   discovery would not distill what theory of prosecution is being pursued. The footage would not

19   clarify, for example, whether the theory is that he (1) is not Indian, (2) is Indian but the goods are

20   not Indian products (i.e. he did not produce them and do not otherwise qualify as "Indian

21   products", or (3) whether the goods are "Indian products" but not "entirely Indian."[1] Lastly, any

22   number of combination of items could satisfy the $1000 statutory threshold as the indictment

23   does not charge the actual sales of goods to the undercover officers—it charges the offer and

24   display of goods for sale.

25

26   _____

27       [1] 25 C.F.R. § 309.2 provides that in order for goods to be "made by an Indian," "the labor component of the product…must be entirely Indian." Thus, a product could be "made by an

28   Indian" and yet not qualify as an "Indian product" (if the "labor component of the product" is not "entirely Indian").

In conclusion, to effectively prepare his defense and guard against unfair surprise, Mr. Rodriguez must be informed of the Government's theory of prosecution. The Government must turn over a bill of particulars within 21 days of this order that specifies (1) whether the goods at issue were "Indian produced, Indian products, or the product of a particular Indian or Indian tribe" and (2) which goods are at issue.

DATED: October 27, 2025

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE